An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESSE PARSONS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61267

FILED

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant claimed in his March 2, 2012, petition that his counsel was ineffective. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Kirksey v.

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-10520

State, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. Strickland v. Washington, 466 U.S. 668, 697 (1984).

First, appellant claimed that counsel was ineffective for advising him that he had stipulated in the plea agreement to a 50-year sentence rather than a life sentence. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. At the plea canvass, the district court advised appellant that the plea agreement stipulated to the life sentence and appellant acknowledged that was an accurate statement of the agreement. Appellant failed to demonstrate a reasonable probability that he would have refused to plead guilty and would have insisted on trial had counsel further explained to him that he agreed to a life sentence. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that counsel refused to file motions. Appellant failed to demonstrate deficiency or that he was prejudiced because he did not identify any motions that counsel refused to file. See Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that counsel failed to properly communicate with, inform, or advise him. Appellant also claimed that counsel did not discuss, pursue, or investigate defense strategy. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement and at the plea canvass that he had discussed the charges and possible defense strategies with his attorney. Appellant failed to demonstrate that

he would not have pleaded guilty and would have insisted on going to trial had counsel and he had further discussions. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel did not acknowledge his assertions of innocence. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant confessed to both the murder and to child abuse of the respective child victims. Appellant failed to demonstrate he would not have pleaded guilty and would have insisted on going to trial had counsel acknowledged his assertions of innocence. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that counsel did not inform him of the possible minimum and maximum sentences, and misinformed him about parole eligibility. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. At the plea canvass, the district court informed appellant about the possible minimum and maximum sentences. In addition, appellant was correctly informed about parole eligibility in the guilty plea agreement and at the plea canvass. Appellant failed to demonstrate he would not have pleaded guilty and would have insisted on going to trial had counsel explained these issues in more detail. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his counsel was conflicted. However, appellant provided no facts regarding this claim and bare claims are insufficient to demonstrate that appellant was entitled to relief. See Hargrove, 100 Nev. at 502, 686 P.2d at 225. Accordingly, appellant failed

to meet his burden to establish that his counsel was conflicted. Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that his counsel coerced his guilty plea. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement and at the plea canvass that he entered his guilty plea voluntarily and did not act under duress or coercion. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his counsel convinced him to commit perjury. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant did not identify any statements he made which were untrue and made only a bare claim regarding this issue, which was insufficient to demonstrate he was entitled to relief. See id. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that his counsel waived his right to a preliminary hearing without his consent and that both the State and his counsel committed perjury. These claims were not based on an allegation that his plea was involuntarily or unknowingly entered or that his plea was entered without effective assistance of counsel, and therefore, were not permissible in a post-conviction petition for a writ of habeas corpus

stemming from a guilty plea. See NRS 34.810(1)(a). Therefore, the district court did not err in denying these claims.[2]

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Michelle Leavitt, District Judge
      Jesse Parsons
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]As a separate and independent ground for denying appellant's claim that his counsel waived his preliminary hearing without his consent, this claim is belied by the record. Appellant personally stated at the hearing that he understood he had a right to a preliminary hearing and agreed to waive his right to that hearing.