An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTOR TAGLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62145

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

In his July 19, 2012, petition, appellant claimed that his counsel was ineffective. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21574

First, appellant claimed that his counsel was inexperienced and displayed an unprofessional attitude towards him. Appellant failed to demonstrate that he was prejudiced. Appellant received a substantial bargain by entry of his plea, as 23 charges of sexual misconduct, 19 of which carried possible life sentences, were reduced to two charges of attempted sexual assault. Given the substantial reduction in charges and possible penalties, appellant failed to demonstrate he would have insisted on going to trial had he had a more experienced attorney or had an attorney with whom he had a better working relationship. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his counsel misinformed him regarding the charges and the sentence he would receive through the plea agreement. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The guilty plea agreement, which appellant acknowledged having read, correctly informed appellant of the possible sentences. Appellant failed to demonstrate a reasonable probability that he would have insisted on going to trial had counsel further informed him about the possible sentences he faced. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his counsel's failure to contact character witnesses forced him to plead guilty. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant failed to provide any information regarding these witnesses or what information these witnesses would have provided, and bare claims are insufficient to demonstrate he was entitled to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Further, given the substantial benefit appellant received through entry of his plea, appellant failed to demonstrate a reasonable probability that he would not have pleaded guilty and instead would have insisted on going to

trial had counsel contacted character witnesses. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his sentence should be reduced because his children face a hardship due to his incarceration and appeared to claim that his arrest was improper. These claims were not based on an allegation that his plea was involuntarily or unknowingly entered or that his plea was entered without effective assistance of counsel, and therefore, were not permissible in a post-conviction petition for a writ of habeas corpus stemming from a guilty plea. *See* NRS 34.810(1)(a). Accordingly, the district court did not err in denying these claims.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Valerie Adair, District Judge
       Victor Tagle
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

