An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEY L. HANSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61930

**FILED**

OCT 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT



BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant argues that the district court erred in denying claims of ineffective assistance of counsel raised in his May 21, 2012, petition without conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true,

13-31056

would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant argues that his trial counsel was ineffective for failing to investigate and discover documentation and witnesses to prove appellant's assertion that he often traveled for work. Appellant asserts that this information would have shown he was gone too often to have sexually abused the victim as often as she claimed. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant testified that that he traveled often for work and the victim testified that the molestation occurred when appellant was not traveling. Appellant fails to identify what additional evidence counsel would have discovered had counsel conducted further investigation into this issue. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Appellant fails to demonstrate a reasonable probability of a different outcome at trial had additional information regarding his travel been presented to the jury. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his trial counsel was ineffective for eliciting testimony from appellant's ex-wife regarding domestic violence allegations towards the ex-wife and her children, as it showed appellant in a bad light. Appellant fails to demonstrate that he was prejudiced. Appellant testified that his ex-wife was so violent towards him that he obtained a temporary restraining order against her, that he had never been arrested for domestic violence, and that he believed that the restraining order motivated his ex-wife to encourage the victim to fabricate the allegations. Given appellant's testimony, appellant fails to demonstrate a reasonable probability of a different outcome had counsel

refrained from questioning the ex-wife regarding domestic violence. Moreover, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel not elicited any testimony regarding domestic violence as appellant confessed to committing the sexual acts with the victim. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that his counsel failed to investigate appellant's ex-wife's and her family's theft from appellant and use of appellant's credit information, as appellant asserts his discovery of those issues may have motivated his ex-wife to coach the victim to fabricate allegations. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant testified that his ex-wife stole money from him and that she and her family obtained money from third parties through use of appellant's credit. Appellant fails to identify what additional evidence counsel would have discovered had counsel conducted further investigation into this issue. *See id.* Given appellant's confession, he fails to demonstrate a reasonable probability of a different outcome at trial had additional information regarding his ex-wife's theft or fraudulent use of credit been presented to the jury. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Fourth, appellant claims that the cumulative effect of ineffective assistance of counsel warrants vacating his judgment of conviction. As appellant did not demonstrate that any of his claims of ineffective assistance of counsel had merit, he fails to demonstrate they cumulatively amount to ineffective assistance of counsel. Therefore, the

(O) 1947A

district court did not err in denying this claim without conducting an evidentiary hearing.

Having concluded appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.


_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry


cc:    Hon. Valerie Adair, District Judge
       Linda A. Norvell Marquis
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk