An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL A. ACOSTA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63435

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Michael A. Acosta's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Acosta contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient and that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11452

First, Acosta contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence. Acosta fails to demonstrate deficiency or prejudice. The evidence presented at trial indicated that Acosta was driving with several friends and saw the victim walking alone. Upon exiting the vehicle, Acosta approached the victim, punched her in the head, and stole her purse. Acosta was identified as the assailant by the victim, a police officer who observed a portion of the incident, and several of the passengers who had been in the car with him. The reliability concerns regarding these identifications were explored at trial and the jury opted to resolve them against the defendant. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (it is for the jury to determine the weight and credibility to give conflicting testimony). Because sufficient evidence supports the verdict, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), appellate counsel was not ineffective for failing to challenge the sufficiency of the evidence. We conclude that the district court did not err by denying this claim.

Second, Acosta contends that the district court erred by denying his claim that trial counsel was ineffective for failing to obtain Raoul Salazar's presence at trial.[1] Acosta asserts that he and Salazar are similar in appearance and therefore Salazar's presence in court would have established reasonable doubt. Acosta fails to demonstrate prejudice.

---

[1]Acosta also suggests that counsel was ineffective for failing to investigate Salazar. This claim lacks merit because, other than noting that Salazar's physical description was similar to his, Acosta fails to explain what a more thorough investigation would have revealed. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

After the incident, the victim and the officer had independent opportunities to observe Acosta and Salazar and each identified Acosta as the assailant. Although Salazar was not present in court, the jury heard testimony regarding his physical description and viewed photographs taken of him on the night in question. Acosta's claim that the result of the proceeding would have been different had the jury personally observed Salazar is purely speculative. We conclude that the district court did not err by denying this claim. *See Browning v. State*, 120 Nev. 347, 357, 91 P.3d 39, 47 (2004) ("[S]peculation does not demonstrate any prejudice.").

Third, Acosta contends that the district court erred by denying his claim that trial counsel was ineffective for failing to interview Lola Gallegos and have her testify at trial. Acosta asserts that Gallegos would have testified that Matthew Castellano, one of the passengers in the car with him on the night in question, told the defense that Salazar was the real assailant. Acosta fails to demonstrate prejudice because, at trial, a defense investigator testified that Castellano told him that Salazar was the real assailant and there is no indication that the result of the proceedings would have been different had Gallegos provided similar testimony. We conclude that the district court did not err by denying this claim.

Fourth, Acosta contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate the location of the victim's lip balm. Acosta asserts that photographs of the lip balm prove its location was moved to bolster the State's case. Acosta fails to demonstrate deficiency or prejudice because the location of the lip balm was not relied upon to convict him, his allegation that the State repositioned evidence was explored at trial, and there is no indication that

the result of the proceedings would have been different had counsel conducted further investigation. We conclude that the district court did not err by denying this claim.

Having considered Acosta's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Carolyn Ellsworth, District Judge
Law Office of Kristina Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk