An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESSE BEARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64458

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

In his August 9, 2013, petition, appellant claimed he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985);

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11383

*Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Appellant claimed that his trial counsel was ineffective for coercing him into entering a guilty plea. Appellant's bare claim failed to demonstrate deficiency or prejudice as he failed to state how counsel coerced him. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Moreover, appellant acknowledged in his guilty plea agreement and during his plea colloquy that he was entering his plea freely and voluntarily. We therefore conclude that the district court did not err in denying this claim.

Next, appellant claimed that the district court abused its discretion by not considering appellant's motion to withdraw guilty plea. This claim falls outside the scope of claims permissible in a post-conviction habeas petition challenging a judgment of conviction based upon a guilty plea. *See* NRS 34.810(1)(a). Moreover, the record demonstrates that the district court never received a motion to withdraw guilty plea from appellant, and appellant failed to demonstrate that he submitted a motion to the district court. Therefore, the district court did not err in denying this claim.

To the extent that appellant claimed the State violated the terms of the guilty plea agreement by releasing appellant on his own recognizance pending sentencing and not releasing him to a sober living in-patient facility, this claim is not cognizable in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a). Furthermore, we conclude that the

district court did not err in declining to appoint post-conviction counsel. NRS 34.750. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Hardesty

_____ , J.
Saitta

cc:    Hon. James M. Bixler, District Judge
       Jesse Beard
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk