An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAVIER REYES GONZALEZ,
Appellant,
vs.
WARDEN, NDOC; AND THE STATE OF NEVADA,
Respondents.

No. 63752

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

On appeal from the denial of his June 7, 2012, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To prove prejudice to invalidate the decision to enter a guilty plea, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15317

697. To warrant an evidentiary hearing, a petitioner must raise claims supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, appellant argues that counsel was ineffective for failing to adequately investigate the case before encouraging him to plead guilty to the sexual assault charge where the victim denied penetration during the preliminary hearing and her physical exam showed no evidence of penetration. Appellant has failed to demonstrate deficiency or prejudice. Although the victim's testimony was equivocal as to whether appellant penetrated her, appellant admitted to "a little bit" of digital penetration in his interview with the detective. Moreover, appellant admitted to several instances of lewd conduct but was only convicted of one count. Appellant thus failed to demonstrate that counsel was objectively unreasonable or that, but for any errors counsel made, he would not have pleaded guilty and would have insisted on going to trial. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Second, appellant argues that counsel was ineffective for encouraging a guilty plea where the State would argue for the maximum sentence of consecutive terms. Appellant has failed to demonstrate deficiency or prejudice. Appellant's claim is repelled by the record as the guilty plea agreement states only that the State *could* argue for the maximum sentence, not that it *would* argue for such. Insofar as appellant claims counsel was ineffective in not explaining that he could spend a minimum of 30 years in prison, appellant has failed to demonstrate that counsel was objectively unreasonable in not explaining that consecutive

minimum terms of 20 and 10 years would result in a minimum aggregate term of 30 years where appellant stated that he understood the terms of the agreement. Moreover, in light of appellant's confession to not only sexual assault but to several instances of lewd conduct for which the State agreed not to bring charges, appellant has not demonstrated a reasonable probability that, but for counsel's alleged failures, he would not have pleaded guilty and would have insisted on going to trial. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Finally, appellant argues that counsel was ineffective for failing to obtain and present certain mitigation evidence at sentencing. Specifically, appellant believes counsel should have presented the physical exam showing that the victim had no signs of sexual abuse, called Division of Parole and Probation (DPP) employees to testify, presented evidence of his remorsefulness, and obtained and presented a psycho-sexual evaluation to demonstrate that he was a low risk to re-offend. Appellant has failed to demonstrate deficiency or prejudice. Appellant's bare claims neither explained the significance of the physical exam findings in light of the nature of the allegations and his confession nor what additional information DPP employees would have provided beyond what was in his presentence investigation report. Further, in light of DPP's recommendation that appellant be sentenced to concurrent terms, appellant has failed to demonstrate that counsel was objectively unreasonable in failing to emphasize his remorsefulness—which appellant himself expressed at the sentencing hearing—or to obtain a psycho-sexual evaluation. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

For the foregoing reasons, we conclude appellant's claims are without merit, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Lidia Stiglich, District Judge
Mary Lou Wilson
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk