An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID MICHAEL COTNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64767

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

In his petition, filed on August 28, 2013, appellant raised several claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. A petitioner is entitled to an evidentiary hearing where he has raised claims supported

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-15424

by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, appellant claimed that counsel was ineffective for failing to investigate, call an expert witness to rebut, and object to the testimony of the State's witness that wires had been cut from the utility pull box where a photograph of the pull box allegedly did not show any cut wires. Appellant failed to demonstrate deficiency or prejudice. Appellant did not state on what grounds counsel could have objected to the witness's testimony. Further, even if one of the three photographs of the pull box admitted at trial did not show cut wires, appellant was silent as to what the other two depicted and the State's witness testified that the street light was inoperative because the wires had been cut. Appellant thus failed to demonstrate a reasonable probability of a different outcome at trial had counsel challenged the witness's testimony regarding what the photograph depicted. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to challenge the dollar amount of the damage appellant caused, because had counsel done so, appellant may have been convicted only of a misdemeanor instead of a felony. Appellant failed to demonstrate deficiency or prejudice. Appellant was charged with cutting wires from two utility pull boxes, and the State's witness estimated the total damage from the two acts to be $1,960. Appellant, who was convicted of damaging one of the pull boxes, failed to demonstrate that the amount of damage for the single pull box would be below the $500 felony threshold. *See* NRS

202.582(2). We therefore conclude that the district court did not err in denying this claim.

Finally, appellant claimed that counsel was ineffective for failing to challenge the restitution amount of $10,346, which was clearly for damage to multiple locations but where appellant was convicted of damaging only one location. Appellant's claim was repelled by the record as counsel did object to the restitution amount. However, appellant stated that he did not want to delay the sentencing hearing and, against the advice of counsel, stipulated to the $10,346 restitution amount. We therefore conclude that the district court did not err in denying this claim.

For the foregoing reasons, we conclude that appellant's claims were without merit, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Valorie J. Vega, District Judge
David Michael Cotner
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk