An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BALMORE ALEXANDER VILLATORO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63786

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

On appeal from the denial of his May 6, 2011, petition, appellant argues that the district court erred in denying several of his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23812

the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel was ineffective for failing to obtain a DNA expert to determine whether two other men could have been the source of the semen and the victim's injuries. Appellant has failed to demonstrate deficiency or prejudice. Appellant's defense was that the sexual contact was consensual; therefore, evidence of another person having had similar contact with the victim would have been irrelevant. Further, appellant did not say why counsel should have doubted and thus sought to impeach the victim's statement that she had not recently been sexually active. Thus even if his claims were true, appellant would not have been entitled to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that a petitioner is not entitled to an evidentiary hearing where his claims are unsupported by specific factual allegations that, if true, would have entitled him to relief). We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Second, appellant argues that counsel was ineffective for not proposing a more reasonable curative instruction to the jury after the prosecutor's misconduct during opening statements. Appellant has failed to demonstrate deficiency or prejudice. Appellant does not state what instruction counsel should have requested that would have had the desired effect of both alleviating the misconduct and not calling it to the jury's attention. *See id.* We therefore conclude that the district court did not err in denying this claim.

Appellant also argues that the district court erred in denying his claim that evidence of uncharged prior conduct was improperly

admitted. This claim could have been raised in appellant's direct appeal from his judgment of conviction.[1] *See* NRS 34.810(1)(b)(2). Appellant's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. NRS 34.810(1)(b). Appellant made no cogent argument of good cause or actual prejudice, and we therefore conclude that the district court did not err in denying his claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Janet J. Berry, District Judge
Janet S. Bessemer
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[1]*Villatoro v. State*, Docket No. 54488 (Order of Affirmance, September 29, 2010).