An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD JEFFREY MULDER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64353

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant filed his petition on July 26, 2013, more than 11 years after entry of the judgment of conviction on March 1, 2002.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3] *See* NRS 34.810(2). Appellant's petition was

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

[3]*Mulder v. State*, Docket No. 41444 (Order of Affirmance, March 4, 2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30688

procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant claimed that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion or provide an explanation for why he could not raise this claim earlier. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Second, appellant claimed that he had good cause due to recent cases, *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), to assert that his counsel was ineffective for failing to communicate additional plea offers from the State. Appellant's good-cause argument was without merit because his case was final when *Cooper* and *Frye* were decided, and he failed to demonstrate that the cases would apply retroactively to him. Even if *Cooper* and *Frye* announced new rules of constitutional law, he failed to allege facts to support that he met either exception to the general principle that such rules do not apply retroactively to cases which were

already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002). Moreover, appellant merely presumed that there were additional plea offers and provided no factual allegation that there were actual plea offers that his counsel failed to communicate to him. A bare claim, such as this one, was insufficient to demonstrate that appellant was entitled to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches under NRS 34.800(2) and appellant failed to rebut the presumption of

SUPREME COURT
OF
NEVADA

(O) 1947A

prejudice to the State.

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
       Ronald Jeffrey Mulder
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk