An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

EDGAR BUSTAMANTE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64167

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant argues that the district court erred in denying his claim of ineffective assistance of trial counsel without conducting an evidentiary hearing.[1] To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112

---

[1]Although appellant includes legal authority relating to an ineffective assistance of appellate counsel claim, appellant presents no cogent argument on appeal regarding his claim of ineffective assistance of appellate counsel or how the district court erred in denying this claim, and thus we decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30975

Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). An evidentiary hearing is required if the petitioner presents claims supported by specific facts that are not belied the record, which if true, would entitle the petitioner to relief. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

Appellant argues that trial counsel was ineffective for failing to obtain independent DNA testing of the evidence in light of the subsequent firing of the technician who processed the evidence in his case. Appellant fails to demonstrate that his trial counsel was ineffective in regards to the DNA testing. Trial counsel could not have challenged the results of the DNA testing before the plea based upon the firing of the technician approximately one year after the conviction. And appellant fails to demonstrate that trial counsel should otherwise have had reason to independently test the DNA evidence. Appellant further fails to demonstrate by a reasonable probability that he would not have entered a plea and would have gone to trial absent trial counsel's failure to seek independent testing of the DNA test results in light of the benefit he received by entry of his plea and the evidence against him, including his own confession and the victim's testimony at the grand jury proceedings, which included her identification of appellant in a photograph. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Next, appellant argues that the district court erred in permitting the State to retest the sample when the district court granted his motion for independent DNA testing. We conclude that appellant fails to demonstrate any error. First, the district court did not grant his motion for independent testing, but rather requested further proceedings on the motion to delve into the chronology of events and the involvement of the fired technician in this case. Second, an independent review was undertaken. At a subsequent hearing, an affidavit from the Director of Laboratory Services for the Las Vegas Metropolitan Police Department was presented averring that the "DNA case file for [the instant case] was independently reviewed by an external, unbiased third party entity and the DNA results previously rendered by [the former technician] were found to be supported by the data and case notes generated at the time of the original testing." In light of appellant's failure to demonstrate that his trial counsel was ineffective as set forth above, without any consideration of the subsequent affidavit, appellant fails to demonstrate any error in regards to his motion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

 

cc: Hon. Rob Bare, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk