THOMAS RANDALL HARGROVE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14551

August 24, 1984                                    686 P.2d 222

*Menchetti & Herring,* Incline Village, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Brent T. Kolvet,* District Attorney, and *Michael P. Gibbons,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Thomas Randall Hargrove appeals from an order of the district court denying his post-conviction motion to withdraw his plea of guilty. We *sua sponte* ordered appellant to file supplemental authorities speaking to the issue of whether an order denying a post-conviction motion to withdraw a guilty plea is an appealable determination. For the reasons set forth below, we conclude that such an order is appealable, and affirm.[1]

On February 1, 1982, appellant entered a plea of guilty to one count of making a bomb threat, NRS 202.840. In exchange, the state agreed to dismiss a second and more serious charge of unlawful transportation of explosives, and agreed not to seek enhanced punishment of appellant under the habitual criminal statute. After conducting a thorough plea canvass, the district court accepted appellant's guilty plea and sentenced him to the statutory maximum of six years. Appellant filed but later withdrew a notice of appeal from the judgment of conviction.

On June 8, 1982, about four months after entry of the judgment of conviction, appellant filed a motion to withdraw his plea pursuant to NRS 176.165. That statute permits a trial court to order a plea withdrawn after conviction upon a showing of "manifest injustice."[2] In the motion and supplemental

---

[1]Cause appearing, we hereby submit this appeal on the briefs and record. NRAP 34(f)(1).

[2]NRS 176.165 provides, in pertinent part:

[A] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; *but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdwaw his plea.* (Emphasis added.)

points and authorities, Hargrove raised several challenges to the validity of his plea, including an allegation that he entered his plea without the effective advice and assistance of counsel. He also claimed he was innocent of the bomb threat offense, and could so establish by certain "newly-discovered evidence" if his plea was withdrawn and he was permitted to proceed to trial. Hargrove argued that the allegations of his petition, and his expected testimony at an evidentiary hearing, would be sufficient to establish a "manifest injustice" and entitle him to relief under NRS 176.165.

The district court denied the motion on its merits but without an evidentiary hearing, ruling that appellant's challenges to his plea presented no potential basis for relief and did not demonstrate a "manifest injustice." The court entered a written order denying the motion to withdraw, and this appeal ensued.

We must first decide whether an order denying a post-conviction motion to withdraw a guilty plea is an appealable order. Except in certain special proceedings, appeals in criminal cases are governed by NRS 177.015, which provides, *inter alia,* that the state or the defendant may appeal from orders "granting a motion to dismiss, a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial." NRS 177.015(1)(b). The statute makes no specific provision for appeals from orders denying post-conviction motions to withdraw. In response to our order for supplemental briefing of the appealability question, appellant contends that a post-conviction order denying a motion to withdraw a guilty plea is an order "refusing a new trial" within the meaning of NRS 177.015. We find this argument persuasive.

Both a motion for a new trial and a motion to withdraw a guilty plea may be made after conviction. *See* NRS 176.515; NRS 176.165. Both motions serve an identical function, since both argue that the predicate of guilt, whether it be plea or verdict, is suspect or defective and must be set aside. In both cases, denial of the motion generally results in continued incarceration under the judgment of conviction; granting the motion results in a setting aside of the predicate of guilt and generally entails further proceedings on the charges originally filed.

A defendant whose guilt is predicated upon a verdict may raise a post-conviction challenge to the verdict's validity by means of a motion for new trial, and has the right to appeal from an order refusing such relief. A defendant whose guilt is

predicated upon a plea may make a similar post-conviction challenge by means of a motion to withdraw, but under the literal wording of NRS 177.015 has no right to appeal from an order denying relief.[3] The anomaly of this disparity is compounded by the availability of the right to appeal from orders denying post-conviction challenges to the validity of a plea raised either by a petition for writ of habeas corpus, *see* NRS 34.380, or by a petition for post-conviction relief, *see* NRS 177.315, 177.385. The ability to appeal in these two types of cases unquestionably evidences a legislative judgment that post-conviction challenges to guilty pleas should be subject to appellate review. To further this legislative judgment, and because of the functional similarity of motions for a new trial and motions to withdraw a guilty plea, we conclude that an order denying a post-conviction motion to withdraw a plea of guilty is appealable as an order "refusing a new trial" within the meaning of NRS 177.015.

We now turn to the merits of this appeal. In his motion to withdraw and his supplemental points and authorities, appellant advanced numerous allegations in support of his claim that his plea should be set aside to correct a "manifest injustice." Hargrove contended, *inter alia,* that he pleaded without the effective advice and assistance of counsel, that his plea was the product of his "fear" of an habitual criminal sentence, and that Hargrove was in fact innocent of the bomb threat charge and could so establish by "newly-discovered evidence." The district court found that appellant's allegations were not sufficient to entitle him to an evidentiary hearing on his motion, and that appellant had not raised a meritorious challenge to his plea. Appellant now argues that it was error to deny the motion without an evidentiary hearing, and that his motion sufficiently demonstrated a "manifest injustice." We disagree.

Appellant's motion consisted primarily of "bare" or "naked" claims for relief, unsupported by any specific factual allegations that would, if true, have entitled him to withdrawal of his plea. Specifically, appellant's claim that certain witnesses could establish his innocence of the bomb threat charge was not accompanied by the witness' names or descriptions of their intended testimony. As such, to the extent that it advanced merely "naked" allegations, the motion did not entitle appellant to an evidentiary hearing. *See* Vaillancourt v. Warden, 90 Nev. 431, 529 P.2d 204 (1974); Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974); *see also* Wright v. State, 619 P.2d 155, 158

---

[3]If a defendant challenges a guilty plea before entry of the judgment, an order denying withdrawal would be reviewable on direct appeal from the judgment as an intermediate order in the proceedings. *See* NRS 177.045.

(Kan.Ct.App. 1980) (to entitle defendant to an evidentiary hearing, a post-conviction petition must set forth "a factual background, names of witnesses or other sources of evidence demonstrating . . . entitlement to relief"). To the extent that the motion and supplemental authorities raised allegations supported by factual claims, particularly the allegation of ineffective counsel, we note that the factual claims were belied by the record, especially the transcript of the change of plea canvass. A defendant seeking post-conviction relief is not entitled to an evidentiary hearing on factual allegations belied or repelled by the record. *See* Grondin v. State, 97 Nev. 454, 634 P.2d 456 (1981).

We conclude that the district court correctly denied the motion without an evidentiary hearing. We also note that the motion to withdraw was without merit in any event. In particular, appellant's claim that he pleaded out of "fear" of an aggravated sentence as an habitual criminal is meritless. The record in this case shows a knowing and voluntary plea. Furthermore, "a defendant's desire to plead guilty to an original charge in order to avoid the threat of the habitual criminal statute will not give rise to a claim of coercion." Schmidt v. State, 94 Nev. 665, 667, 584 P.2d 695, 696 (1978); *see* Whitman v. Warden, 90 Nev. 434, 529 P.2d 792 (1974).

Appellant's contention that his plea should have been withdrawn because he is actually innocent of the charge is also without merit. The question of an accused's guilt or innocence is generally not at issue in a motion to withdraw a guilty plea. *See* Kercheval v. United States, 274 U.S. 220, 224 (1927); State v. District Court, 85 Nev. 381, 455 P.2d 923 (1969). Even if the question were at issue in this case, appellant's argument is nevertheless without merit. The record of the plea canvass shows that appellant essentially entered a guilty plea under the concept espoused in North Carolina v. Alford, 400 U.S. 25 (1970); appellant asserted his innocence of the bomb threat charge, but pleaded guilty to avoid punishment on the more serious charge of transportation of explosives and as an habitual criminal. As such, his claim of innocence is essentially academic.

We have examined the remaining arguments raised in the petition and have determined that they are without merit. The district court correctly denied the motion to withdraw. Accordingly, the order denying the appellant's post-conviction motion to withdraw his guilty plea is affirmed.