OPINION
By the Court,
Shearing, J.:
This is an appeal from an order of the district court denying a motion to amend a judgment of conviction, enforce a sentencing agreement, or permit appellant to withdraw a guilty plea. This is also an appeal from an order of the district court denying appellant’s petition for post-conviction relief.[1]
*859 On June 20, 1990, the state filed an information charging appellant Mark Stahl with one count of grand larceny and one count of possession of stolen property. Pursuant to plea negotiations with the state, appellant entered a plea of guilty to the charge of possession of stolen property; the state agreed to dismiss the grand larceny charge and to argue at sentencing that appellant should serve no more than five years in prison.
At sentencing, the district court continued the matter for three months until appellant had an opportunity to complete a drug treatment program. The district court told appellant that if he successfully completed the treatment program, the court would sentence him to serve “a maximum of three years in the Nevada State Prison.” The district court warned, however, that if appellant did not complete the treatment program, he would be sentenced to the maximum ten-year term.
At the subsequent sentencing hearing, appellant’s counsel presented evidence that appellant had successfully completed a fourteen-day, in-patient drug treatment program and had enrolled in another ninety-day treatment program. Appellant’s counsel also requested the district court to consider granting appellant probation, rather than the previously agreed upon three-year term of incarceration.
Counsel argued:
When I first read about the sentencing this court imposed, that being that you would defer it for treatment and then he would come back to three years, that is what Mr. Stahl and I discussed and I said you know, Mark, this is, the Court has really sentenced you. And he said, well, I want to try for probation. And I said let’s do it. Let’s try. And quite frankly, I didn’t do a thing. I didn’t guide him. I did nothing. ... In fact, you know, I have had numerous conversations with him both in my office and on the phone. ... It is easy for him to do the time. He is familiar with that .... And I think that he has a desire. It is sincere. He knows that supervision is not easy .... And I think he realizes that probation is not easy and that it is a tougher row to hoe. But we are asking you to think about that for Mr. Stahl.
(Emphasis added.)
The deputy district attorney indicated in response that although the State would have no objection to the court granting appellant “the privilege of probation, the State would request that it be an extremely tight probation with an underlying sentence of five years . . . .”
In view of appellant’s apparent success in treatment, the district court granted appellant’s request for probation. Although the *860 district court sentenced appellant to serve an underlying term of ten years in the Nevada State Prison, the court suspended that sentence, and placed appellant on probation for a period of five years. The district court further ordered appellant to complete the ninety-day drug treatment program and to pay restitution in the amount of $7,500.00.
The Department of Parole and Probation subsequently moved the district court to revoke appellant’s probation after appellant was arrested for being under the influence of a controlled substance, driving under the influence, and hit and run. On February 13, 1992, the district court entered an order formally revoking appellant’s probation, and appellant began serving the underlying ten-year prison sentence.
On March 23, 1992, appellant filed in the district court a proper person petition for post-conviction relief. On May 27, 1992, counsel who had been appointed to represent appellant in an appeal from the order revoking appellant’s probation,[2] filed in the district court a motion to amend the judgment or, in the alternative, to enforce the sentencing agreement or, in the alternative, to withdraw the guilty plea. The motion requested the court “to correct the clerical error in the judgment of conviction entered on November 21, 1990, to reflect a three (3) year sentence.” Appellant suggested that, although the district judge had originally intended to impose a three-year maximum sentence, the judge forgot about the three-year sentence, and instead, imposed a ten-year term. Alternatively, the motion requested that, if the district court had fully intended to impose a ten-year sentence, then the court should nonetheless correct the judgment to reflect the lesser three-year term that the court initially indicated would be imposed or permit appellant to withdraw his plea.
On June 30, 1992, the district court conducted a hearing at which appellant testified regarding his understanding of the sentencing proceedings. On July 29, 1992, the district court entered an order denying appellant’s motion. Appellant filed a timely notice of appeal from that order.
Thereafter, appellant filed in the district court an amended proper person petition for post-conviction relief. Appellant also requested the district court to appoint new counsel to represent him in that matter. On January 12, 1993, the district court entered an order directing attorney Bruce Voorhees to examine the file, to interview appellant, and to render “an honest opinion” to the court, as an officer of the court, as to whether there *861 was any "material substance" to appellant's petition.[3] Subsequently, after attorney Voorhees filed his "opinion," and without conducting an evidentiary hearing, the district court entered an order denying appellant's petition. Appellant filed a timely notice of appeal from that order as well. On May 5, 1993, the district court appointed new and different counsel to represent appellant in this appeal.
Appellant first contends that the district court erred in denying his petition for post-conviction relief without an evidentiary hearing. Appellant argues that his claim of ineffective assistance of counsel at sentencing, based on his counsel's failure to challenge the ten-year sentence pronounced by the district court, was sufficient to entitle him to an evidentiary hearing. We disagree.
Petitioners for post-conviction relief are not entitled to eviden-tiary hearings on allegations belied or repelled by the record. In this case, the record reveals that, at the continued sentencing hearing of November 21, 1990, appellant's counsel effectively argued that instead of serving a term of three years in the Nevada State Prison-the term that the district court had initially agreed to impose-appellant wanted to "try for probation." Thus, the record reveals that, after consulting with appellant "numerous" times, and at appellant's direction, counsel sought and obtained probation rather than prison time. The allegation that counsel was ineffective for thereafter failing to challenge the district court's decision to grant appellant probation is directly repelled by the record. Appellant was not entitled to an evidentiary hearing on this or any other claim for relief raised in his petition. See Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984).
In the appeal from the order of the district court denying the motion to amend the judgment, enforce the sentence, or withdraw the plea, appellant argues that the district court promised him a three-year sentence if he successfully completed a drug treatment program. Appellant maintains that, because there is "no dispute" regarding his successful completion of the program, he is now *862 entitled to specific enforcement of the district court’s promise.[4] Again, we disagree.
It is true that the district court initially agreed to impose a three-year sentence if appellant successftilly completed treatment. The record discloses, however, that after appellant did well in the treatment program, appellant requested the district court to reconsider the three-year prison term, and to grant appellant probation, instead of imposing a three-year term of incarceration. The state interposed no objection to probation and expressly honored the terms of the initial plea bargain by arguing for “an underlying sentence of five years.” The district court agreed to appellant’s new request for probation, and imposed probation but with an underlying sentence of ten years.
Under these circumstances, neither the state nor the district court violated the terms of the plea agreement. Moreover, the district court did not breach its initial promise to sentence appellant to a three-year prison term. Appellant requested a new deal when he requested probation. When the district court granted that request, all prior deals were off.
In effect, appellant renegotiated the terms of the bargains he made with the prosecution and the district court, and the district court’s initial promise of a three-year term was superceded at appellant’s request by the district court’s subsequent agreement to grant appellant probation. The district court did not err in denying appellant’s motion.
Accordingly, we affirm the orders of the district court.
Steffen, C. J., and Young, J., concur.

Both appeals were docketed in this court within the same record on appeal. This court has considered and resolved both appeals in this single proceeding.

On July 28, 1992, this court entered an order granting appellant’s motion for the voluntary dismissal of his appeal from the order of the district court revoking probation. See Stahl v. State, Docket No. 23114 (Order Dismissing Appeal, July 28, 1992).

Although neither appellant nor the state has specifically challenged the district court's appointment of attorney Voorhees to render an advisory opinion, we wish to express our disapproval of this practice. Where a district court entertains doubt regarding the material substance of a proper person petition for post-conviction relief sufficient to warrant appointment of an attorney at state expense to examine the file, interview the petitioner, and render an advisory opinion, the district court in our view would be better advised to appoint counsel to represent the indigent petitioner and then proceed to adjudicate the matter in accordance with the traditional adversarial processes of the court.

Of course, it appears from the record that appellant’s success was not lasting but was merely temporary at best.