An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMARIO SHELLTON LYNCH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60875

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Demario Lynch claims that the district court erred in denying his post-conviction petition for a writ of habeas corpus without conducting an evidentiary hearing because he was incompetent at the time he pleaded guilty. A guilty plea is presumptively valid, and a defendant carries the burden of establishing that the plea was not entered knowingly and intelligently. Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); see also Hubbard v. State, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). The relevant inquiry in determining competency is whether the defendant had sufficient ability at the time "to consult with his lawyer with a reasonable degree of rational understanding—and whether he ha[d] a rational as well as factual understanding of the proceedings against him." Means v. State, 120 Nev. 1001, 1016-17, 103 P.3d 25, 35 (2004) (internal quotation marks omitted). The district court denied Lynch's petition without conducting an evidentiary hearing, noting that although Lynch was determined to be incompetent later, there was nothing to indicate that he was incompetent at the time he pleaded

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07692

guilty.[1] We agree. Lynch responded appropriately during the guilty plea canvass and indicated that he understood the nature of the charges against him, and neither counsel nor the district court expressed any doubt as to his competency at the time. Lynch did not claim that his Lake's Crossing evaluation, which found him to be incompetent in December 2009, demonstrated that he was incompetent in April 2009, when he pleaded guilty. Because nothing in the record indicated that Lynch was incompetent at the time he pleaded guilty, the district court did not abuse its discretion by denying his petition without conducting an evidentiary hearing. Id. at 1017, 103 P.3d at 35; see also Hargrove v. State, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984) (a defendant is not entitled to an evidentiary hearing on allegations unsupported by specific facts). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                              Saitta

_____

[1]The State asserts that Lynch waived this claim by failing to pursue an appeal of the district court's order denying his motion to withdraw the guilty plea. We disagree because the issue raised in this matter was not the same as the issue raised in the presentence motion to withdraw the guilty plea.

cc: Hon. Stefany Miley, District Judge
Cannon & Tannery
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk