An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MERRY E. WEST A/K/A MERRY E. HINES A/K/A MERRY E. MOC A/K/A MERRY E. STEEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59903

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

On appeal from the denial of her post-conviction petition, appellant Merry E. West argues that the district court erred in denying her claims of ineffective assistance of trial and appellate counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). To warrant an evidentiary hearing, a petitioner must raise claims that are

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10422

supported by specific factual allegations that are not belied by the record and, if true, would entitle her to relief. Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, West argues that the district court erred in denying her claim that counsel was ineffective for conceding her guilt to the count alleging unauthorized signing of a credit card transaction document. We disagree. At trial, witnesses testified that they saw West sign the credit card transaction document. Further, the State introduced the transaction document signed by West and surveillance video showing her signing the document. In addition, the owner of the credit account testified that she had not given West permission to sign the document. Considering this evidence, West has failed to demonstrate a reasonable probability of a different outcome had counsel not conceded her guilt during opening argument as there was overwhelming evidence of her guilt. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, West argues that the district court erred in denying her claim that appellate counsel was ineffective for failing to challenge the imposition of the large habitual sentence on West as her offense was nonviolent. We disagree. Because the habitual criminal statute makes no special allowance for nonviolent crimes or remoteness of the prior convictions as these are merely considerations within the discretion of the district court, Arajakis v. State, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992), appellant failed to demonstrate reasonable counsel would have argued that the district court erred for those reasons. The district court stated that sentencing West as a habitual criminal was appropriate due to

West's extensive criminal activity. Therefore, the district court did not err in denying this claim.

Third, West asserts that the district court erred in summarily denying the claims raised in her proper person petition without holding an evidentiary hearing. We conclude that this argument lacks merit. Other than asserting that the district court failed to hold an evidentiary hearing on these claims, West does not present any argument on appeal demonstrating that the district court erred in this regard. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument.").

Having considered West's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Douglas W. Herndon, District Judge
        Matthew D. Carling
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

