An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TRINIDAD MARTINEZ,
Appellant,
vs.
WARDEN BACA; AND THE STATE OF
NEVADA,
Respondents.

No. 62122

FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant argues that the district court erroneously denied his post-conviction claims of ineffective assistance of counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14388

First, appellant argues that the district court erred by denying his claim that trial counsel was ineffective for not investigating and presenting mitigation evidence, including testimony from family members who would have testified to appellant's good character. According to appellant, because the district court was not presented with full and accurate information about him, his sentence was "based on impalpable or highly suspect evidence." The district court denied this claim, concluding that appellant failed to demonstrate prejudice considering the serious injuries appellant's drunk driving inflicted on the 20-year-old victim, including brain and facial injuries that left the victim partially blind and significantly disabled for the remainder of his life. We conclude that the district court did not err in this regard.

Second, appellant argues that the district court erred by denying his claim that trial and appellate counsel were ineffective for not challenging the district court's consideration of his illegal alien status in sentencing him. In denying the post-conviction petition, the district court expressly stated that appellant's illegal alien status had no role in fashioning his sentence. Looking at the record as a whole, it appears that the sentencing court was most influenced by the victim's significant life-long injuries. The district court was also aware of appellant's prior felony DUI conviction that resulted in injury to two people. We cannot say on this record that the district court erred by denying this claim.[1]

---

[1]Appellant argues that appellate counsel was ineffective for failing to raise any credible issues on appeal or claims related to Fifth Amendment due process violations, cruel and unusual punishment, and equal protection. In this, appellant has raised nothing but bare claims for
*continued on next page . . .*

Supreme Court
OF
Nevada

(O) 1947A

Having considered appellant's claims and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                              Saitta


cc:   Hon. Patrick Flanagan, District Judge
      Karla K. Butko
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

---

*. . . continued*

relief and therefore no relief is warranted. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

[2]To the extent appellant contends that his sentence is excessive and based on his illegal alien status, we note that those claims should have been raised on direct appeal and fall outside the scope of claims permissible in a post-conviction habeas petition challenging a judgment of conviction based upon a guilty plea. *See* NRS 34.810(1)(a).