An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THEODORE A. PEARIL, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62082

FILED

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

In his petition filed on August 6, 2012, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17249

probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

First, appellant claimed that counsel was ineffective for failing to bring appellant's file to a hearing on appellant's motion to withdraw his plea. Appellant failed to demonstrate prejudice, as he did not show that counsel's performance subsequent to the entry of the guilty plea affected appellant's decision to plead guilty. Thus, the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to research and understand an intoxication defense. Appellant failed to allege any specific facts to support this claim and thus failed to demonstrate deficiency or prejudice. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (holding that no relief is warranted where petitioner raises "'bare' or 'naked' claims for relief, unsupported by any specific factual allegations that would, if true, have entitled him to withdrawal of his plea"). Therefore, the district court did not err in denying this claim.

 

For the reasons set forth above, we conclude that the district court did not err in denying the petition.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]The district court also denied the petition on the grounds that it failed to comply with the requirements of NRS 34.730 and NRS 34.735. On appeal, appellant has attempted to amend the defects in his petition. Because we conclude that the district court did not err in denying the petition on the merits, we need not address whether the petition contained pleading defects.

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Michelle Leavitt, District Judge
Theodore A. Pearil, III
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk