**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PORFIRIO DUARTE-HERRERA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65342

**FILED**

JUL 31 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant asserts that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to appellate counsel claims). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant contends that the district court erred by denying his claim that trial counsel were ineffective for failing to file a motion to suppress his statements to law enforcement. Appellant also contends that the district court should have held an evidentiary hearing

15-23157

on this claim. We disagree. Although appellant asserts that law enforcement threatened to deport his family unless he confessed, he does not assert that he told counsel about the threats and therefore did not allege sufficient facts to entitle him to relief or an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Moreover, appellant does not explain how suppressing his statements would have changed the outcome at trial. We conclude that no relief is warranted on this claim.

Second, appellant contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the denial of his motion for severance. Appellant also contends that the district court should have held an evidentiary hearing on this claim. We disagree. Appellant does not point to the portion of the record where his codefendant's statements were admitted without being subject to cross-examination, where he was prevented from presenting evidence that would have been admissible in a separate trial, or where a specific trial right was violated. *See Chartier v. State*, 124 Nev. 760, 765, 191 P.3d 1182, 1185 (2008). Appellant also fails to demonstrate that any prejudice resulted from the joint trial. *See id.* We conclude that no relief is warranted on this claim.

Third, appellant contends that the district court erred by denying his claim that he is actually innocent without conducting an evidentiary hearing. We disagree. Assuming that a free-standing claim of actual innocence is cognizable in a post-conviction petition for a writ of habeas corpus, the affidavit in question failed to demonstrate appellant's actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Herrera v.*

*Collins,* 506 U.S. 390, 417 (1993). We therefore conclude that no relief is warranted on this claim.

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Michael Villani, District Judge
Law Offices of Gamage & Gamage
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk