An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL MARTINEZ, A/K/A DANNY
MARTINEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67708

**FILED**

NOV 1 3 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In his petition filed on December 15, 2014, appellant Daniel Martinez raised five claims. First, Martinez claimed that his due process rights were violated when the district court denied him his right to object to and withdraw his guilty plea at the sentencing hearing. Claims raised in a postconviction petition challenging a judgment of conviction based on a guilty plea must allege either that the plea was entered involuntarily or unknowingly or without the effective assistance of counsel. NRS 34.810(1)(a). To the extent that this claim could be construed as challenging the voluntariness of his plea, Martinez provides no factual allegations as to his reasons for wishing to withdraw his plea and thus

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

15-34658

fails to demonstrate that his plea was involuntarily or unknowingly entered. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (explaining that bare and naked claims are insufficient to demonstrate that a petitioner is entitled to relief). Therefore, we conclude that the district court did not err in denying this claim.

Second, Martinez claimed that his due process rights were violated when the district court failed to adequately advise him of the consequences of his plea. Martinez fails to identify any consequences for which he was inadequately advised, and his bare and naked claim fails to demonstrate that his guilty plea was involuntarily or unknowingly entered. *See id.* Therefore, we conclude that the district court did not err in denying this claim.

Third, Martinez claimed that his due process rights were violated when his appellate counsel failed to provide him with his case file. This claim was outside the scope permissible in a postconviction petition challenging a guilty plea because the claim did not challenge the voluntariness of the guilty plea or the effective assistance of counsel in relation to the plea. *See* NRS 34.810(1)(a). Furthermore, this claim is belied by the record, as appellate counsel certified that he had provided Martinez with all of the documents in his possession. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, Martinez claimed that his due process rights were violated when the prosecutor improperly sought habitual criminal adjudication. This claim was outside the scope permissible in a postconviction petition challenging a guilty plea. *See id.* Therefore, we conclude that the district court did not err in denying this claim.

Finally, Martinez claimed that he was denied due process and the effective assistance of counsel due to multiple errors that occurred before and during sentencing. He identifies no such errors but instead relies on his claim that his appellate counsel failed to provide him with his case file. Because Martinez alleged no facts that would demonstrate that his plea was invalid, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Douglas

cc: Hon. Douglas Smith, District Judge
Daniel Martinez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk