An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH MAURICE GRANT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65914

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Kenneth Grant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Grant contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness; and, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting *Strickland*). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). "A petitioner for post-conviction relief is entitled to an evidentiary hearing only if he supports his claims

15-38712

with specific factual allegations that if true would entitle him to relief." *Thomas v. State*, 120 Nev. 37, 44, 83 P.3d 818, 823 (2004).

First, Grant contends that the district court erred by denying his claims that counsel was ineffective for failing to investigate and present testimony from a toxicologist. We disagree. Taken as true, such testimony would only have supported Grant's claim that he and his girlfriend were drug users and the victim came up to their hotel room to use drugs, not for sexual activity. Because Grant fails to demonstrate that such testimony would have led to a different result at trial,[1] we conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Second, Grant contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate and present testimony from a pathologist. However, the record reflects that counsel sought the services of a pathologist, and while Grant has not provided complete trial transcripts, we must infer from the record that has been provided that counsel made a strategic decision not to have the pathologist testify. *See Cullen v. Pinholster*, 563 U.S. 170 (2011) ("*Strickland* specifically commands that a court must indulge the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." (internal quotation marks and alterations omitted)); *State v. Powell*, 122 Nev. 751, 759, 138 P.3d 453, 458 (2006) ("Judicial review of an attorney's representation is highly deferential, and a claimant must overcome the presumption that a

---

[1]Grant was acquitted of conspiracy to commit robbery.

challenged action might be considered sound strategy."). Moreover, given the state of the evidence, Grant fails to demonstrate that the result of the of the proceedings would have been different had a pathologist testified. Therefore, we conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Third, Grant contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate and present testimony from an ex-prostitute. While Grant mentions the topics that an ex-prostitute could have discussed, he fails to describe with specificity what she would have said and how such testimony would have changed the result at trial. Therefore, Grant fails to demonstrate that the district court erred by denying this claim without conducting an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

Fourth, Grant contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate and present evidence of his girlfriend's prior violent actions and statements. Grant fails to demonstrate that this evidence would have been admissible at trial. Moreover, he fails to demonstrate that the result of trial would have been different had counsel presented this evidence. Therefore, we conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Having considered Grant's contentions and concluded that they lack merit,[2] we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Jessie Elizabeth Walsh, District Judge
Law Office of Patricia M. Erickson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Grant also asserts that cumulative error warrants relief. Because we have found no error, there are no errors to cumulate.