# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES SHEA EUBANKS,
Appellant,
vs.
RENEE BAKER, WARDEN, ELY STATE PRISON,
Respondent.

No. 68628

FILED

MAY 0 9 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from an order of the district court denying appellant Charles Shea Eubanks' postconviction petition for a writ of habeas corpus. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Eubanks claimed that trial and appellate counsel were ineffective, accordingly, he bore the burden of demonstrating that (1) counsel's performance fell below an objective standard of reasonableness and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 998, 923 P.2d 1102, 1107, 1114 (1996). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. A court need not consider both prongs of the *Strickland* test if a defendant makes an insufficient showing on either prong. *Strickland*,

16-14416

466 U.S. at 697. An evidentiary hearing is warranted only if a petitioner raises claims supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, Eubanks claimed that trial counsel was ineffective for failing to investigate his competency before trial. He asserts that he was not competent to assist counsel in his defense, make an informed decision regarding whether to accept a guilty plea or proceed to trial, or form the specific intent for first-degree murder. Eubanks failed to demonstrate that trial counsels' performance was deficient or that he was prejudiced. Eubanks' history of drug abuse, possible PTSD, and mental health history, without more, did not indicate that he was unable to consult with his attorney or understand the proceedings against him. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing *Dusky v. United States*, 362 U.S. 402 (1960)). Notably, the record reveals multiple interactions between Eubanks and the district court that did not cast doubt on his competency. Eubanks even acknowledged in his petition that he communicated with counsel. As Eubanks failed to demonstrate sufficient circumstances raising doubt as to his competency, he did not demonstrate that counsel's alleged failure to investigate his competency was unreasonable. Therefore, the district court did not err in denying this claim.

Second, Eubanks claimed that trial counsel was ineffective for failing to reinstate the preliminary hearing after the State altered the terms of the plea agreement. Eubanks failed to demonstrate that counsel's performance in this respect was unreasonable where Eubanks

waived his right to a preliminary hearing after he was personally advised by the court that his waiver was unconditional and could not be withdrawn if the plea negotiations, which had not been completed, failed to result in an acceptable bargain. Therefore, the district court did not err in denying this claim.

Third, Eubanks claimed that trial counsel failed to explain the elements of first-degree murder and aiding and abetting liability. He contended that had he known that he could be subject to liability for aiding and abetting, he would have accepted the guilty plea offer. Eubanks failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Witnesses testified that Eubanks walked toward the trailer where the crimes occurred carrying knives, told his confederate, Troy Jackson, that they had been given a "green light" to kill Michael Frasher, and then started to stab Frasher while Jackson attacked Antoinette Bell, who was also present. After his arrest, Eubanks admitted to multiple people that he killed Frasher. As significant evidence pointed to Eubanks' involvement as a principal, he failed to demonstrate that any discussion concerning abetting liability would have affected his decision to proceed to trial. Therefore, the district court erred in denying this claim.

Fourth, Eubanks claimed that trial counsel was ineffective for failing to request a change of venue or have the jury selection transcribed. He asserted that the crime occurred in a small town where people were familiar with each other and many of the potential jurors attended the same church as the district attorney. However, Eubanks did not allege that these relationships rendered any of the jurors or potential jurors unfairly biased against him. *See Sonner v. State*, 112 Nev. 1328, 1336, 930

SUPREME COURT
OF
NEVAOA

(O) 1947A

P.2d 707, 712-13 (1996) (recognizing that a defendant seeking a change of venue must "demonstrate actual bias on the part of the jury empaneled"), *modified on rehearing on other grounds by* 114 Nev. 321, 955 P.2d 673 (1998). Further, Eubanks failed to identify an empanelled juror who was biased against him and therefore did not demonstrate that the failure to transcribe the jury selection hindered appellate counsel's ability to raise claims on appeal. *See Daniel v. State*, 119 Nev. 498, 508, 78 P.3d 890, 897 (2003) (recognizing that the failure to record part of the proceedings is not grounds for reversal in and of itself but an appellant must demonstrate the missing record was so significant that the appellate court could not meaningfully review the appeal). Therefore, the district court did not err in denying this claim.

Fifth, Eubanks claimed that trial counsel was ineffective for failing to call character witnesses during the penalty phase of trial who would have testified that he could not have committed the crime based on the type of person he is. As the question of Eubanks guilt was not relevant to the penalty phase of trial, *see Gallego v. State*, 117 Nev. 348, 368, 23 P.3d 227, 241 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011), he failed to demonstrate that counsel's decision to not introduce this testimony was unreasonable, *see Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (noting that whom to call as a witness "is a tactical decision that is 'virtually unchallengeable absent extraordinary circumstances'" (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990), *abrogated on other*

*grounds by Harte v. State*, 116 Nev. 1054, 1072, 13 P.3d 420, 432 (2000))). Therefore, the district court did not err in denying this claim.[1]

Sixth, Eubanks claimed that trial counsel was ineffective for failing to call an expert on methamphetamine abuse, as the witnesses against him were methamphetamine abusers. Further, the expert could have testified that as an abuser himself, Eubanks could not have possessed malice aforethought prior to the murder. We disagree. Given that multiple witnesses provided similar accounts that Eubanks stabbed Frasher to death and admitted to doing so to enforce a drug debt, he failed to demonstrate that trial counsel acted unreasonably in not seeking out such an expert, *see id.*, or that he was prejudiced by the failure to introduce this testimony. Therefore, the district court did not err in denying this claim.

Seventh, Eubanks claimed that trial and appellate counsel were ineffective for failing to object to the court illegally sentencing him. He asserted that the district court sentenced him to a term greater than the maximum sentence for attempted robbery with the use of a deadly weapon. According to the second amended judgment of conviction, the district court sentenced Eubanks to two consecutive terms of four to ten years in prison for attempted robbery with the use of a deadly weapon. As these sentences were within the proscribed statutory limits, *see* NRS

---

[1]To the extent that Eubanks claimed that trial counsel was ineffective for not introducing this testimony during the guilt phase of trial, he failed to demonstrate prejudice given the overwhelming evidence of guilt.

193.330(1)(a)(2); NRS 193.165; NRS 200.380, counsel were not deficient in failing to challenge the sentences. Therefore, the district court did not err in denying this claim.

Having considered Eubanks' contentions and concluding that no relief is warranted,[2] we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Saitta                                Pickering

cc:    Hon. Robert W. Lane, District Judge
       Charles Shea Eubanks
       Attorney General/Carson City
       Nye County District Attorney
       Nye County Clerk

---

[2]Eubanks also claimed that the cumulative effect of counsel's errors entitles him to relief. As we have found no error, there is nothing to cumulate. Therefore, no relief is warranted on this claim.

[3]We have reviewed all documents that appellant has submitted to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.