# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD MAGDAYO DAHAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74651

**FILED**

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____ S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant killed his wife by stabbing her repeatedly with several knives. Pursuant to the terms of a negotiated agreement, he pleaded guilty to first-degree murder with the use of a deadly weapon and received a stipulated sentence of life imprisonment with the possibility of parole after 28 years. The Court of Appeals affirmed the judgment of conviction on appeal. *Dahan v. State*, Docket No. 69657 (Order of Affirmance, October 19, 2016).

In his postconviction petition for a writ of habeas corpus, appellant argued that counsel was ineffective for failing to perform certain tasks. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (to prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. *See* NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-07792

probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial). Appellant further argued that he felt forced into pleading guilty and he should have received a more favorable sentence. The district court denied the petition without conducting an evidentiary hearing, concluding that the record showed appellant entered his plea voluntarily and he received the sentence he negotiated. *See State v. Freese*, 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000) ("A defendant's comprehension of the consequences of a plea, the voluntariness of a plea and the general validity of a plea are to be determined by reviewing the entire record and looking to the totality of the facts and circumstances surrounding the plea."). The record supports these conclusions. And appellant's claim that counsel was ineffective for not asking appellant enough questions about the incident was a bare claim insufficient to warrant relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Kathleen E. Delaney, District Judge
Richard Magdayo Dahan
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A