137 Nev., Advance Opinion 58

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KEVIN SUNSERI,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 81551<br><br>FILED<br><br>SEP 23 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a guilty plea, of robbery and ownership or possession of firearm by prohibited person. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

*Vacated and remanded with instructions.*

Nevada Defense Group and Damian Robert Sheets and Kelsey L. Bernstein, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Alexander G. Chen, Chief Deputy District Attorney, John T. Niman, Deputy District Attorney, and Christopher J. Lalli, Assistant District Attorney, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, CADISH, PICKERING, and HERNDON, JJ.

## OPINION

By the Court, HERNDON, J.:

Appellant Kevin Sunseri was incarcerated in Nevada when a warrant for his arrest was issued, but the warrant was not executed for 25

21-27503

months, until he was set to be released from prison. Sunseri entered into a guilty plea agreement based on the new charges and then suffered a mental breakdown. When he regained competency, he obtained new counsel and sought to withdraw his guilty plea, alleging that his right to a speedy trial had been violated and his former counsel had not advised him of the violation prior to his acceptance of the guilty plea offer. The district court denied the motion to withdraw the guilty plea, denied Sunseri's subsequent motion to dismiss the charges, and entered a judgment of conviction based on the guilty plea. We conclude the district court erred in denying the motion to withdraw the guilty plea because withdrawal was just and fair, as Sunseri had a strong argument that his right to a speedy trial had been violated and a colorable claim that his counsel was ineffective. Therefore, we vacate the judgment of conviction, reverse the denial of the motion to withdraw the guilty plea, and remand with instructions to reconsider the motion to dismiss the charges in light of this opinion.

## FACTS AND PROCEDURAL HISTORY

On December 10, 2015, Sunseri robbed a man at gunpoint. On May 25, 2016, Sunseri began serving a two-to-five-year sentence in the Nevada Department of Corrections for an unrelated crime. A warrant for Sunseri's arrest concerning the robbery was issued roughly two months later, on July 28, 2016, while Sunseri was incarcerated, but the warrant was not immediately executed.

Meanwhile, while in prison, Sunseri received his high school diploma, earned a college degree, published a book, and earned a certification in personal training. Sunseri worked with a caseworker before his scheduled release on August 27, 2018, to ensure there was no reason to hold him. He learned that he had a charge pending against him in Florida

for driving under a revoked license and entered into an agreement to have that charge vacated in exchange for a payment of $10,000 in restitution. Sunseri was unaware of any other warrants against him that would jeopardize his release or that there was ever an investigation into the underlying crimes. Instead of being released as anticipated on August 27, however, the 2016 arrest warrant was executed, and Sunseri was transferred to the jail.

Sunseri agreed to plead guilty to robbery and ownership or possession of a firearm by a prohibited person. Before sentencing, Sunseri became suicidal, required mental health treatment, was deemed incompetent, and was transferred to a mental health facility to receive treatment. When Sunseri regained competency, he obtained new counsel and filed a motion to withdraw his guilty plea agreement on the grounds that his constitutional right to a speedy trial was violated and his previous counsel never advised him that the charges could potentially have been dismissed as a result of the violation.

At the evidentiary hearing on the motion, Las Vegas Metropolitan Police Department's records technician testified that her search through the records did not show any attempt to locate Sunseri before his anticipated release from prison or to execute the arrest warrant. Sunseri testified that his previous counsel never discussed any violation to his right to a speedy trial or filing a motion to dismiss the charges. He further stated that at the time he entered the guilty plea, he was unaware that his right to a speedy trial may have already been violated. Finally, he testified that his memory of the facts surrounding the underlying crime was not as clear as it would have been if the warrant had been executed in 2016. Sunseri's former counsel did not testify.

The district court denied the motion to withdraw the guilty plea. Sunseri then filed a motion to dismiss the case because of his violated speedy-trial right, which the district court denied, concluding that he waived this argument by entering into the plea agreement. Sunseri was convicted and sentenced to 66 to 180 months under the guilty plea.

## DISCUSSION

"[A] district court may grant a defendant's motion to withdraw his guilty plea before sentencing for any reason where permitting withdrawal would be fair and just . . . ." *Stevenson v. State*, 131 Nev. 598, 604, 354 P.3d 1277, 1281 (2015); NRS 176.165 (permitting withdrawal of a guilty plea before sentencing). Courts should not focus exclusively on whether the plea was knowingly, voluntarily, and intelligently pleaded, *Stevenson*, 131 Nev. at 603, 354 P.3d at 1281, nor should courts consider the guilt or innocence of the defendant, *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984). In determining whether withdrawal of a guilty plea would be fair and just, courts should "consider the totality of the circumstances." *Stevenson*, 131 Nev. at 603, 354 P.3d at 1281.

In reviewing a denial of a motion to withdraw a guilty plea, this court gives deference to the district court's factual findings as long as they are supported by the record. *Id.* at 604, 354 P.3d at 1281. Because Sunseri's claim that the district court should have permitted him to withdraw his guilty plea is based on his argument that his speedy-trial right was violated, we must start our analysis there before also considering the issue of whether his counsel was ineffective.

### The Barker-Doggett *speedy trial test*

The United States Supreme Court set out a four-part balancing test for determining if a defendant's Sixth Amendment right to a speedy

trial has been violated: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972)). This court adopted the four-factor test, noting that no factor was determinative and that each must be considered together, along with all the relevant circumstances of the case. *State v. Inzunza*, 135 Nev. 513, 516, 454 P.3d 727, 731 (2019).

In regard to the first factor, in order to trigger the *Barker-Doggett* speedy-trial analysis, the delay must be presumptively prejudicial, which occurs around the one-year mark. *Id.* Here, the underlying warrant was executed 25 months after it was issued. Thus, the first factor has been met, as the delay was uncommonly long.

"The second factor, the reason for the delay, focuses on whether the government is responsible for the delay and is the focal inquiry in a speedy trial challenge." *Id.* at 517, 454 P.3d at 731 (internal quotations omitted). If the delay results from the government's negligence, that is weighted less heavily than if it is the result of a deliberate delay to hamper the defense, but it is still relevant because "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* at 517, 454 P.3d at 732 (internal quotations omitted). Additionally, this court's "toleration of negligence varies inversely with the length of the delay that the negligence causes." *Id.* (quoting *United States v. Oliva*, 909 F.3d 1292, 1302 (11th Cir. 2018)). In *Inzunza*, the 26-month delay was caused by the government's "gross negligence," as the police knew of the defendant's whereabouts in New Jersey but did nothing to contact

SUPREME COURT
OF
NEVADA

(O) 1947A

5

him or arrest him. *Id.* at 518, 454 P.3d at 732. This case is more egregious than *Inzunza* because Sunseri was in the government's custody. A simple search would have found him. Thus, the delay here was caused by the State's gross negligence.

The third factor looks at whether the defendant asserted his right to a speedy trial in due course. In considering this factor, courts are warned to only consider the time in which the defendant knew of the charges. *Id.* at 518, 454 P.3d at 732. If the defendant had no knowledge of the charges until the tardy arrest, the court cannot hold that against the defendant. *Id.* While Sunseri did not have knowledge of the charges until two years after the warrant was issued, when he learned of the charges he entered a plea agreement. Thereafter Sunseri did not raise the issue of a speedy trial for eight months.[1] While we recognize this factor would generally weigh against Sunseri in determining whether his speedy-trial right was violated, as discussed further below, because Sunseri has a colorable claim for ineffective assistance of counsel and may not have been aware that his right had been violated, this factor does not weigh strongly against him.

The last factor considers the prejudice of the delay to the defendant and specifically considers "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defense will be impaired."[2] *Id.* (internal quotations omitted). Sunseri demonstrated

---

[1] We recognize Sunseri was committed and deemed incompetent for a portion of those eight months, so the entirety of the delay may not be appropriately held against him.

[2] While Sunseri argues that he need not show actual prejudice because the delay was more than one year so prejudice is assumed, he is incorrect

SUPREME COURT
OF
NEVADA

(O) 1947A

6

actual prejudice when he testified that he suffered a mental breakdown upon learning that he would not be released from prison because of the State's dilatory execution of the underlying warrant. He became suicidal and required mental health treatment. Thus, Sunseri met his burden of showing the delay prejudiced him by causing him anxiety and concern. Further, Sunseri testified that his recollection of the underlying crime was not as clear as it would have been earlier. While this alone likely does not show an impairment of his defense, it does provide further support for his claim of prejudice.

Considering all four factors, Sunseri made a strong argument that his right to a speedy trial had been violated and the charges against him should be dismissed. The fact that he entered into the guilty plea is the only factual circumstance potentially weighing against him, but he asserts that he did so as a result of ineffective assistance of counsel. Thus, we must next consider whether his counsel was ineffective in failing to advise him regarding the possible violation of his speedy trial right.

*Ineffective assistance of counsel*

As an initial matter, the State argues that Sunseri can only make an argument that his counsel was ineffective in a petition for a writ of habeas corpus and cannot make such an allegation in a motion to withdraw a guilty plea. While we recognize that we have never specifically stated that ineffective assistance of counsel can be grounds for withdrawal of a guilty plea, we reaffirm that the consideration for when a guilty plea can be withdrawn before sentencing is when withdrawal is fair and just. *Stevenson*, 131 Nev. at 604, 354 P.3d at 1281. Thus, if ineffective assistance

---

because prejudice is only presumed for this factor if the delay is five years or more. *Inzunza*, 135 Nev. at 519, 454 P.3d at 733.

of counsel resulted in a fair and just reason to withdraw a guilty plea before sentencing, doing so would be appropriate. *See id.* (considering whether counsel's alleged lies and coercion provided grounds for withdrawing a guilty plea prior to sentencing).

To demonstrate ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a defendant must show counsel's performance was deficient in that it fell below an objective standard of reasonableness and prejudice resulted in that, but for counsel's errors, there is a reasonable probability the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996).

As discussed above, Sunseri has demonstrated prejudice because, if not for the guilty plea, he had a probable chance that the charges against him would be dismissed under *Barker-Doggett*. Regarding whether Sunseri's former counsel's performance was below an objective standard of reasonableness, the record is underdeveloped because the district court did not fully consider Sunseri's claim that his counsel was ineffective and did not hear evidence from Sunseri's former counsel regarding his conversations with Sunseri or the advice he provided to Sunseri. Nevertheless, based on the record before us, Sunseri testified that his counsel never discussed with him whether his speedy-trial right had been violated before he agreed to the guilty plea agreement. While a criminal defendant may be aware that a waiver of his statutory speedy-trial right waives the right to have a trial in 60 days, the average, uneducated criminal defendant cannot be expected to understand or know that a delay in executing an arrest warrant can constitute a constitutional violation of his

right to a speedy trial. A defendant may only be aware of such a violation if informed by his or her counsel. Sunseri's former counsel, however, did not testify at the hearing. Thus, the State failed to rebut Sunseri's claim that his former counsel's performance was unreasonable.[3]

Accordingly, while we are unable to fully address Sunseri's ineffective-assistance-of-counsel claim because of the insufficient record on this issue, we conclude that Sunseri made at least a colorable claim that his counsel was ineffective. This colorable claim, coupled with Sunseri's strong argument that his right to a speedy trial was violated, demonstrates a fair and just reason for the withdrawal of Sunseri's guilty plea. Accordingly, we conclude the district court erred in denying Sunseri's motion to withdraw the guilty plea.

## CONCLUSION

The *Barker-Doggett* factors weigh in favor of Sunseri's argument that his right to a speedy trial was violated. Sunseri's strong argument in that regard, coupled with his colorable claim that his counsel was ineffective by not advising him that his right to a speedy trial had potentially been violated before he entered the guilty plea agreement, present a just and fair reason to grant Sunseri's motion to withdraw his guilty plea. Accordingly, we vacate the judgment of conviction, reverse the district court's denial of Sunseri's motion to withdraw his guilty plea, and

---

[3]While the State argues Sunseri's former counsel did not have to inform Sunseri that his speedy trial right may have been violated because this court had yet to issue its opinion in *State v. Inzunza*, 135 Nev. 513, 454 P.3d 727 (2019), as the United States Supreme Court had already laid out the test for determining whether a defendant's right to a speedy trial had been violated and numerous other jurisdictions had applied that test, the State's argument lacks merit.

remand this matter. Additionally, because the district court denied Sunseri's motion to dismiss the charges on the ground that he had waived his right to a speedy trial in his guilty plea, and because the guilty plea has now been withdrawn, we direct the district court to reconsider that motion on remand.

_____, J.
Herndon

We concur:

_____, J.
Cadish

_____, J.
Pickering