# IN THE SUPREME COURT OF THE STATE OF NEVADA

RODNEY LAMAR MARSHALL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70577

FILED

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Rodney Marshall's January 25, 2016, postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Marshall argues that the district court erred in denying his claims of ineffective assistance of trial counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability that, but for counsel's errors, the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-12365

outcome of the proceedings would have been different. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Both components of the inquiry must be shown. *Id.* at 697. A petitioner is not entitled to relief where his claims are bare and not supported by specific factual allegations. *Cf. Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, Marshall argues that counsel Thomas Ericsson failed to adequately prepare him for an evidentiary hearing on a presentence motion to withdraw the guilty plea. Marshall's bare claim fails to indicate what preparation Ericsson should have done and how it would have changed the outcome of the hearing. Accordingly, Marshall has not shown deficient performance or prejudice, and we conclude the district court did not err in denying this claim.

Second, Marshall argues that counsel Lizzie Hatcher and David Brown failed to investigate the witnesses in his case. Counsel testified at the evidentiary hearing on the presentence motion to withdraw the guilty plea that they informed Marshall that they would conduct the background investigation he requested closer to the time of trial so the information would be fresher. Further, Marshall's bare claim does not indicate what the results of the investigation would have revealed. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Accordingly, Marshall has not shown deficient performance or prejudice, and we conclude the district court did not err in denying this claim.

Third, Marshall argues that Hatcher and Brown coerced him into pleading pursuant to the wrong guilty plea agreement. The State stipulated in both agreements that it would not seek a sentence of life in prison without the possibility of parole. In the agreement Marshall ultimately executed, the parties were free to argue for 20 to 50 years or 20 years to life, while the "conditional" agreement contained a stipulated sentence of 20 years to life, an option Marshall claims he wanted in order to have recourse should the sentencing court impose a sentence of life without the possibility of parole. Before Marshall's guilty plea, counsel sought and implicitly received the sentencing court's assurance that it would not impose a sentence of life without the possibility of parole. Even assuming counsel were deficient under these circumstances in having Marshall execute the non-conditional guilty plea, Marshall nonetheless received the benefit of the plea agreement he claims to have wanted—a 20-to-life sentence. Accordingly, Marshall has not shown prejudice, and we conclude the district court did not err in denying this claim.

Fourth, Marshall argues that Hatcher, who was court-appointed, failed to move to withdraw as counsel despite his numerous requests that she do so. Marshall's bare claim fails to demonstrate he was entitled to replacement counsel. *See Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004) ("Absent a showing of adequate cause, a defendant is not entitled to reject his court-appointed counsel and request substitution of other counsel at public expense."). Accordingly, Marshall did not show deficient performance or prejudice, and we conclude the district court did not err in denying this claim.

Finally, to the extent that Marshall argues that Ericsson was ineffective for asking no more than five questions of Hatcher and Brown at

the evidentiary hearing, never visiting him, and allowing the prosecutor to "run over [Marshall]"; that Hatcher and Brown were ineffective for not communicating with one another; and that a witness disputes Hatcher's testimony regarding their conversation, these claims were not raised below, and we decline to consider them for the first time on appeal. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Michelle Leavitt, District Judge
Rodney Lamar Marshall
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A