# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEREK DEWAYNE BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72156

FILED

MAY 1 1 2019

ELIZA... ...ROWN
CLERK OF ... ...E COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Appellant argues that the district court erred in denying his petition without conducting an evidentiary hearing. We agree.

In his petition, appellant claimed that he received ineffective assistance of counsel. To state a claim of ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Kirksey v. State*, 112 Nev. 980, 923 P.2d 1102 (1996). Both deficiency and prejudice must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A petitioner is entitled to an evidentiary hearing if his claims are supported with specific factual allegations that are not belied by the record and that, if true, would warrant relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

19-21324

Appellant claimed that his trial counsel did not conduct a reasonable investigation; should have filed pretrial motions; should not have advised appellant to reject more advantageous plea offers; did not effectively advocate at sentencing; and deprived appellant of his right to appeal. Appellant supported those claims with specific factual allegations that, if true, would entitle him to relief.[1] Also, the record when the petition was filed does not contradict appellant's claims or prove them false. *See Berry v. State*, 131 Nev. 957, 969, 363 P.3d 1148, 1156 (2015) (explaining when a claim is "belied by the record"). Without an evidentiary hearing on the factual allegations supporting these claims, we cannot affirm the decision to deny them.[2] Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.          _____, J.
Stiglich                                              Silver

---

[1]Regarding appellant's claim that counsel failed to file a pretrial motion opposing the State's motion in limine to admit prior testimony, we conclude that appellant has not demonstrated he is entitled to a hearing on this claim.

[2]When considering appellant's appeal-deprivation claim, we direct the district court to consider this claim in light of *Garza v. Idaho*, 139 S. Ct. 738 (2019) (discussing counsel's duties regarding a defendant's right to appeal where the guilty plea agreement included an appeal-waiver provision).

cc: Chief Judge, The Eighth Judicial District Court
Eighth Judicial District Court, Dept. 8
Gaffney Law
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk