IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON T. MATHIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79327

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Jason Mathis asserts that the district court erred in denying claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of trial counsel, a petitioner must demonstrate counsel's performance was deficient because it fell below an objective standard of reasonableness, and resulting prejudice in that there is a reasonable probability, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must demonstrate both components of the ineffective-assistance inquiry—deficient performance and prejudice. *Id.* at 697. We give deference to the district court's factual findings if supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel failed to properly object to the introduction of Chanel Rowel's statement as an excited utterance. He

20-41509

asserts that counsel confused the standards between excited utterance and present sense impression and did not cross-examine the officer with a report indicating that Rowel made the statement after she calmed down. Appellant failed to demonstrate prejudice. The district court referred to the correct standard in admitting the statement. Thus, there is no indication that counsel's confusion adversely impacted the district court's evidentiary ruling. The police report was prepared by an officer who responded to the scene after the testifying officer had diffused the situation. The testifying officer maintained that he heard the statement while Rowel was still excited as a result of appellant's threats. *See* NRS 51.095 ("A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is not inadmissible under the hearsay rule."). Therefore, appellant did not demonstrate that counsel could have successfully challenged the admission had he pursued this strategy. Notably, this court concluded on appeal that the statement was admissible as an excited utterance. *See Mathis v. State*, Docket No. 52547, Order of Affirmance (June 30, 2011) at 2-4. Accordingly, the district court did not err in denying this claim.

Second, appellant argues that trial counsel should have compelled Rowel to testify to rebut her out-of-court statements and expose her bias. Appellant failed to demonstrate deficient performance. A defense investigator met with Rowel, and she offered a written recantation of her excited utterance. However, she stated that if compelled to testify at trial, she would disavow her recantation and testify that appellant admitted that he killed the victims. Given the limited benefit of showing her inconsistent out-of-court statements and the potential harm this testimony could have done to the defense, counsel did not act unreasonably in not pursuing her

testimony. Moreover, appellant failed to demonstrate prejudice as he had made similar admissions to two other witnesses and other circumstantial evidence implicated him in the crimes. Appellant possessed a weapon of the type used and had purchased ammunition of the type used, a car similar to his girlfriend's car was seen leaving the area, he left the state shortly after the shooting, and his girlfriend's car was set on fire in another state. Accordingly, the district court did not err in denying this claim.

Third, appellant argues that counsel should have introduced testimony from Tanisha Aaron and sought to have her palm print compared to unidentified prints on her car, in which one of the victims was found. Appellant failed to demonstrate deficient performance or prejudice. According to appellant's trial counsel, the defense investigator did not find that Aaron could provide any exculpatory or favorable evidence. As to the unidentified prints, given the additional evidence implicating appellant in the crimes, he did not demonstrate a reasonable probability of a different outcome even if counsel was able to prove several palm prints on Aaron's car had been left by Aaron.[1] As appellant did not meet his burden of demonstrating that counsel was ineffective, the district court did not err in denying this claim.

Fourth, appellant argues that counsel failed to appear at critical pretrial proceedings. Appellant did not demonstrate deficient performance or prejudice. Appellant identifies four pretrial proceedings that his counsel did not attend. However, the planned subject matter of those proceedings, and matters raised by appellant in his counsel's absence,

_____

[1]He also contends that counsel should have sought to have her print compared to a bloody palm print on the car. However, the condition of the bloody palm print made it unlikely it could be matched to any person.

were addressed at subsequent hearings that his counsel attended. Therefore, the district court did not err in denying this claim.

Fifth, appellant argues that trial counsel should have objected to the admission of rap lyrics he authored on the basis that their probative value was outweighed by the danger of unfair prejudice. We agree that counsel should have objected to the lyrics on this basis.[2] The State introduced multiple stanzas and phrases from the lyrics seized from appellant's cell. The lyrics made general references to weapons and ammunition, gunshot wounds, and homicide in general. While some of the lyrics could be interpreted as relating to the charged crime, most of them did not. Thus, the admission of those lyrics had no purpose besides showing a propensity for violence. See Holmes v. State, 129 Nev. 567, 573, 306 P.3d 415, 419 (2013) (recognizing that court may exclude "defendant-authored fictional accounts . . . when offered to show a propensity for violence"). However, appellant failed to demonstrate prejudice. Other evidence, primarily his own admissions to other people, implicated appellant in the crimes. Therefore, the district court did not err in denying this claim.

Sixth, appellant argues that counsel failed to prepare him to allocute and to investigate potential mitigating evidence.[3] Had he been so

---

[2]On direct appeal, appellant argued that the rap lyrics' probative value was outweighed by the danger of unfair prejudice. In summarily stating that this argument lacked merit, this court did not indicate whether the lyrics were admissible, whether any error in admitting the lyrics was not plain, or whether the admission did not prejudice appellant's substantial rights. See Mathis, Docket No. 52547, Order of Affirmance at 1 n.1.

[3]Appellant also argues that counsel essentially gave up during the penalty hearing by conceding to sentencing by the court to the maximum sentence. This argument takes trial counsel's words out of context. Counsel

prepared, appellant claims he would have tried to make a more favorable impression on the jury. As to the allocution, appellant failed to demonstrate deficient performance. Counsel testified that he warned appellant to refrain from expressing his frustration at the guilty verdict during allocution. As appellant did not allege or show what evidence counsel should have investigated or introduced, *see Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984), appellant did not demonstrate deficient performance or prejudice. Therefore, the district court did not err in denying this claim.

Having considered appellant's contentions and concluding that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Michelle Leavitt, District Judge
McLetchie Law
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

relayed appellant's wishes to waive the penalty hearing and proceed to sentencing before the trial judge. Counsel and appellant were frustrated by the State's refusal to stipulate to his waiver. Counsel did not attempt to stipulate to the maximum sentence, merely to the court's authority to impose the maximum sentence.

SUPREME COURT
OF
NEVADA

(O) 1947A