# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW DOUGLAS BAKER,
Appellant,
vs.
PERRY RUSSELL, WARDEN OF
WARM SPRINGS CORRECTIONAL
CENTER,
Respondent.

No. 80985

FILED

APR 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant challenged the computation of his parole eligibility date pursuant to NRS 213.12135 (setting forth parole eligibility for juvenile offenders based on type of offenses), alleging that the offense date in the criminal record was incorrect and that the offenses were committed before he turned 18. The district court denied the petition, concluding that appellant had not shown any error in the computation of his parole eligibility date because documents in the criminal case (*e.g.*, the amended information to which appellant pleaded guilty and the presentence investigation report) provided that the offenses occurred on or about October 26, 2003 (after appellant's 18th birthday), appellant had not shown that prison officials could use a different offense date that would make appellant eligible for parole earlier under NRS 213.12135, and an evidentiary hearing was not required under these circumstances.

Appellant argues that the district court erred in treating the petition as a challenge to the computation of time served. We disagree. Appellant suggests that he sought habeas relief under NRS 34.360 because

21-10792

he is unlawfully confined. Habeas relief is not available under that provision, however, because appellant is confined pursuant to a valid judgment of conviction and has not expired the sentences imposed in that judgment. *See* NRS 34.360 (recognizing habeas corpus relief is available for those "unlawfully committed, detained, confined or restrained of his or her liberty, under any pretense whatever"). He also is not entitled to be released on parole as a matter of law. *See* NRS 213.10705 (stating that release on parole is an "act of grace of the State"); NRS 213.120(2) (providing a prisoner may be paroled when they have served the minimum term or minimum aggregated term of imprisonment imposed by the court for an offense committed on or after July 1, 1995); NRS 213.12135 (limiting early parole *eligibility* to certain juvenile offenders). The petition filed below stated that appellant was challenging the computation of his parole eligibility, not the validity of his judgment of conviction or sentence. We therefore conclude that the district court did not err in treating the petition as one that challenged the computation of time served. *See* NRS 34.720 (providing that a postconviction petition for a writ of habeas corpus may challenge the validity of the judgment of conviction or sentence or the computation of time served); *Williams v. Nev., Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017) (concluding that petitioner's claim that credits were not being properly applied for purposes of parole eligibility challenged the computation of time served).

Appellant also argues that the district court erred in not applying NRS 213.12135 and in deciding that he did not adequately support his request for relief. Having reviewed the record, we conclude that substantial evidence supports the district court's findings and the district court did not err as a matter of law. Appellant pleaded guilty to a charging

document that alleged the offenses occurred on or about a date that fell after appellant's 18th birthday. Based on those records, NRS 213.12135 does not apply because appellant was not a juvenile at the time of the offenses. Appellant has not identified any authority that would allow a computation petition to be used to change the facts (in this case, the date of the offenses) that the defendant admitted to when he entered his guilty plea in the criminal case. Given these circumstances, appellant did not demonstrate that he was entitled to an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (recognizing that an evidentiary hearing is required when a petition sets forth specific factual allegations not belied by the record, which if true, would entitle the petitioner to relief). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

cc:   Hon. James E. Wilson, District Judge
The Law Office of Kristina Wildeveld & Associates
Attorney General/Carson City
Carson City Clerk