# IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN ZURISDAY JARAMILLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81088

FILED

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Appellant Jonathan Zurisday Jaramillo argues that the district court erred in denying his petition as procedurally barred and in refusing to appoint counsel. The district court denied some of Jaramillo's claims on the ground that variations of the claims were raised and rejected on direct appeal and the remainder because he could have raised them at trial or on direct appeal.

Jaramillo raised claims of ineffective assistance in his habeas petition, which he timely filed less than one year after remittitur issued on his direct appeal. *See* NRS 34.726(1); *Jaramillo v. State*, Docket No. 73720 (Order of Affirmance, March 29, 2019). Jaramillo did not raise these claims on direct appeal, and this petition is the proper mechanism for him to raise these claims. *See Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 535 (2001) (holding "that claims of ineffective assistance of counsel brought in a timely first postconviction petition for a writ of habeas corpus are not subject to dismissal on grounds of waiver, regardless of whether the claims

21-16890

could have been appropriately raised on direct appeal"), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018). The district court accordingly erred in concluding to the contrary. We reverse and direct the district court to consider Jaramillo's claims on the merits and to hold an evidentiary hearing if the district court determines that one is warranted. *Cf. Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984) (requiring an evidentiary hearing where the petitioner has alleged specific facts that, if true, would support the right to relief).

Jaramillo also argues that the district court erred in denying his petition without appointing counsel. We agree. *See* NRS 34.750(1). Jaramillo's petition indicated that he did not understand the issues posed by this proceeding, he raised claims that arguably require the assistance of counsel to seek discovery, and the petition was timely filed only because Jaramillo had the assistance of pro bono counsel. Further, Jaramillo received a significant sentence, this was his first petition challenging his judgment of conviction, and he asserted indigency. Accordingly, we conclude that the district court abused its discretion when it denied Jaramillo's request for counsel. *See id.*; *Renteria-Novoa v. State*, 133 Nev. 75, 76, 391 P.3d 760, 760-61 (2017). We direct the district court to appoint postconviction counsel and to consider any request for investigator funding or other discovery as may be appropriate. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Egan K. Walker, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]We decline Jaramillo's request to direct the district court to assign the case to a different judge on remand. That a judge has ruled against a party generally does not show that the judge is biased to warrant reassignment. *See Rivero v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009) (providing that judges are presumed to be unbiased and that the party alleging bias must assert bias stemming from an extrajudicial source); *Whitehead v. Nev. Comm'n on Judicial Discipline*, 110 Nev. 380, 427, 873 P.2d 946, 975 (1994) ("[J]udicial rulings alone *almost never* constitute a valid basis for a bias or partiality motion." (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))).