IN THE SUPREME COURT OF THE STATE OF NEVADA

PEDRO RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83169

FILED

AUG 1 9 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Pedro Rodriguez's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Rodriguez, Robert Paul Servin, and Brian Lee Allen, robbed and murdered Kimberly Fondy on April 5, 1998. Rodriguez and Servin were tried jointly and found guilty of first-degree murder with the use of a deadly weapon and robbery with the use of a deadly weapon. The jury sentenced Rodriguez to death for the murder and the district court sentenced Rodriguez to two equal and consecutive terms of 72 to 180 months for the robbery with the use of a deadly weapon. This court affirmed the convictions and sentences on appeal. *Rodriguez v. State*, 117 Nev. 800, 32 P.3d 773 (2001). Rodriguez successfully challenged his sentence in a postconviction petition for a writ of habeas corpus. *See Rodriguez v. State*, No. 48291, 2009 WL 3711919 (Nev. Nov. 3, 2009) (Order Affirming in Part, Reversing in Part and Remanding). At a new penalty hearing, a jury again imposed a death sentence, which this court upheld on appeal. *See Rodriguez v. State*, No. 63423, 2015 WL 5383890 (Nev. Sept. 11, 2015) (Order of Affirmance).

22-25960

In this appeal from an order dismissing another postconviction habeas petition, Rodriguez argues that penalty phase counsel should have challenged the admission of "other matter" evidence, namely evidence about an incident in which he threatened a resident and police officer at a trailer park during his arrest on June 7, 1997, and the events resulting in a temporary protective order (TPO), on the ground that its probative value was outweighed by the danger of unfair prejudice. He contends that these incidents that occurred roughly 16 years before his penalty phase retrial in 2013 did not provide an accurate depiction of who he was at the time of the penalty phase retrial.

Under the two-part test established by the United States Supreme Court in *Strickland v. Washington*, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness (deficient performance) and (2) a reasonable probability of a different outcome but for counsel's deficient performance (prejudice). 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 998, 923 P.2d 1102, 1107, 1114 (1996). A court need not consider both prongs of the *Strickland* test if a petitioner makes an insufficient showing on either prong. *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690; *see Ennis v. State*, 122 Nev. 694, 704-05, 137 P.3d 1095, 1102 (2006) ("In order to avoid the distorting effects of hindsight, the evaluation begins with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (internal quotation marks omitted)).

(O) 1947A

Rodriguez's ineffective-assistance claim turns on whether counsel should have challenged the admission of evidence, whether that challenge would have been successful, and whether there was a reasonable likelihood of a different outcome at the penalty hearing had the evidence been excluded. *See Kirksey*, 112 Nev. at 990, 923 P.2d at 1109. The district court has broad discretion to admit evidence in a capital penalty hearing. NRS 175.552(3); *McKenna v. State*, 114 Nev. 1044, 1051, 968 P.2d 739, 744 (1998). Pursuant to NRS 175.552(3), during a capital penalty hearing "evidence may be presented concerning aggravating and mitigating circumstances relative to the offense, defendant or victim and on any other matter which the court deems relevant to the sentence, whether or not the evidence is ordinarily admissible." In this vein, "other matter" evidence may be introduced by the State "for jurors to consider in deciding on an appropriate sentence after they have determined whether the defendant is or is not eligible for death." *Hollaway v. State*, 116 Nev. 732, 746, 6 P.3d 987, 997 (2000), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 351 P.3d 725 (2015).

Evidence of prior convictions and uncharged bad acts is generally admissible during a penalty hearing. *Johnson v. State*, 122 Nev. 1344, 1353, 148 P.3d 767, 774 (2006); *see Gallego v. State*, 117 Nev. 348, 369, 23 P.3d 227, 241 (2001) (recognizing that evidence of police investigations and uncharged crimes may be admissible in a capital penalty hearing), *overruled on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011); *Emil v. State*, 105 Nev. 858, 866, 784 P.2d 956, 961 (1989) (concluding that district court did not abuse its discretion in admitting

testimony about prior murder conviction during penalty hearing). Prior bad acts are relevant penalty phase evidence because a sentencing decision "should be based on the entirety of a defendant's character, record, and the circumstances of the offense." *Nunnery*, 127 Nev. at 769, 263 P.3d at 249 (internal quotation marks omitted); *see Mason v. State*, 118 Nev. 554, 562, 51 P.3d 521, 526 (2002) (recognizing that evidence of unrelated offenses may be admissible during a capital penalty hearing).

Relevant character evidence is not admissible when its probative value is substantially outweighed by the danger of unfair prejudice. NRS 48.025; NRS 48.035(1); *Johnson*, 122 Nev. at 1353, 148 P.3d at 774. While prior bad act evidence is "obviously prejudicial," whether the evidence is unfairly prejudicial depends on its probative value. *McConnell v. State*, 120 Nev. 1043, 1058, 102 P.3d 606, 617 (2004). Guilt phase evidence is unfairly prejudicial when it appeals to jurors' emotion or "'lure[s] the [jurors] into declaring guilt on a ground different from proof specific to the offense charged.'" *State v. District Court (Armstrong)*, 127 Nev. 927, 933-34, 267 P.3d 777, 781 (2011) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). But other bad act evidence may not be unfairly prejudicial when introduced during a capital penalty hearing because it can be "probative of [a defendant's] cruel and violent character and lack of remorse," *McConnell*, 120 Nev. at 1058, 102 P.3d at 617, or "reveal[s] a pattern of escalating violent criminal behavior," *Johnson*, 122 Nev. at 1354, 148 P.3d at 774.

Here, the other acts involving threats made during the trailer park incident and the threats set forth in Gabriella Ruiz's TPO had significant probative value in showing Rodriguez's character and the escalation of his pattern of behavior leading up to Fondy's murder and that

(O) 1947A

the murder was not an isolated instance of violence. *See Witter v. State*, 112 Nev. 908, 921, 921 P.2d 886, 895 (1996) (holding that defendant's veiled threat to arresting officers was probative to showing future dangerousness and was not unfairly prejudicial), *abrogated on other grounds by Nunnery*, 127 Nev. 749, 263 P.3d 235. Thus, an objection would have been futile. Counsel is not objectively unreasonable in failing to object to the other act evidence under these circumstances. *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims.").

Relying on *Phillips v. State*, 121 Nev. 591, 119 P.3d 711 (2005), *receded from on other grounds by Cortinas v. State*, 124 Nev. 1013, 195 P.3d 315 (2008), Rodriguez asserts that the prior bad acts were unfairly prejudicial because they were significantly remote from the penalty phase retrial. But the holding in *Phillips* is inapposite. Remoteness in *Phillips* was not measured as the time between the prior bad act and the current trial but instead as the time between the prior bad act and the charged conduct. *Id.* at 602, 119 P.3d at 719; *see also Gallego v. State*, 101 Nev. 782, 789, 711 P.2d 856, 861 (1985) (concluding that prior killings "were not remote in time from the killing here considered" and therefore were not so remote as to be inadmissible under NRS 48.035(1)).

Rodriguez further failed to demonstrate prejudice.[1] The jury heard evidence that Rodriguez led two codefendants to Fondy's home for the

---

[1]As Rodriguez introduced mitigation testimony from Ruiz, the State could, and in fact did, cross-examine her about her relationship with Rodriguez, the abuse that prompted her to obtain a TPO, and the threats she later received from him and his family.

purpose of robbing her. Due to their numbers, weaponry, and her disability requiring the use of a wheelchair, they handily subdued her and prevented her from completing a call for help. While detaining her in the bathroom of her home, they repeatedly struck her causing cuts and abrasions. After Rodriguez completed the robbery, his compatriot shot Fondy four times, killing her. Afterward, the three assailants bragged about the robbery and their efforts to inflict more suffering on Fondy. The jury also heard evidence that Rodriguez had been convicted of sexually assaulting a fourteen-year-old girl at knifepoint. The testimony about this crime demonstrated that Rodriguez was capable of significant, callous violence against a victim he happened upon in a friend's home. Witnesses described how he had wanted to kill the victim to avoid arrest and had arrived at that decision almost immediately and after very little consideration. In addition to Rodriguez's criminal history, the State introduced expert psychological testimony opining that he was highly likely to reoffend violently based on his exhibited characteristics of antisocial personality disorder with narcissistic features. Considering the evidence introduced about the murder and the evidence supporting the aggravating circumstances, Rodriguez has not alleged sufficient facts to show a reasonable likelihood that he would not have been sentenced to death had the jury not heard testimony about the two prior uncharged acts. Therefore, the district court did not err in denying this claim without holding an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that a postconviction petitioner is entitled to an evidentiary hearing on claims supported by specific factual allegations that would have entitled petitioner to relief); *see also Johnson v. State*, 117 Nev. 153, 161, 17 P.3d 1008, 1013 (2001) (noting

that evidentiary hearing may "be of little value" when the issue presented is purely legal). Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Lynne K. Simons, District Judge
Edward T. Reed
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk